Robin Samuel (State Bar No. 173090)
Michael D. Hidalgo (State Bar No. 309792)
**BAKER & MCKENZIE LLP**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Telephone: +1 310 201-4728
Facsimile: +1 310 201-4721
robin.samuel@bakermckenzie.com
michael.hidalgo@bakermckenzie.com

Attorneys for Defendant
AEG MANAGEMENT OAKLAND, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TONJA FULLER BRYANT, on behalf of herself and all others similarly situated and on behalf of the public,<br><br>Plaintiffs,<br><br>v.<br><br>AEG MANAGEMENT OAKLAND, LLC, a California Limited Liability Corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | **Case No.** 3:18-cv-06589<br><br>**Date Action Filed:** March 5, 2018 (state court)<br><br>**DEFENDANT AEG MANAGEMENT OAKLAND, LLC'S NOTICE OF REMOVAL** |

Defendant AEG Management Oakland, LLC ("Defendant") files this Notice of Removal of an action from state court, hereby effecting the removal of the above-referenced action from the Superior Court of California for the County of Alameda to the United States District Court for the Northern District of California, Oakland Division, pursuant to 28 U.S.C. sections 1331, 1441 and 1446. As grounds for this removal, Defendant states as follows:

## I.      Pleadings, Process, and Orders

On March 5, 2018, Plaintiff Tonja Bryant Fuller ("Plaintiff") filed suit against Defendant in the Superior Court of California for the County of Alameda, Case No. RG18895393 (the "State Court Action"). The original complaint in that case included causes of action and claims that were not removable as a matter of law.

1.     On September 26, 2018, Plaintiff filed a First Amended Complaint in the State Court Action. The First Amended Complaint no longer asserts the non-removable claims and now contains only claims that raise a federal question and are therefore removable under federal law. True and correct copies of the original Complaint and First Amended Complaint are included with the documents from the State Court Action attached as **Exhibit A**.

## II.     Jurisdiction and Venue

2.     This Court has original subject matter jurisdiction over this lawsuit because this lawsuit arises under the Constitution, law, or treaties of the United States. *See* 28 U.S.C. § 1331.

3.     Specifically, this Court has original subject matter jurisdiction over this lawsuit because the First Amended Complaint asserts claims that are entirely preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) (the "LMRA"), because the claims assert a breach of the collective bargaining agreements applicable to Plaintiff's employment and require interpretation of those collective bargaining agreements. *See, e.g., Textile Workers v. Lincoln Mills of Ala.*, 353 U.S. 448, 451 (1957) (claims requiring the interpretation of a CBA are entirely preempted by Section 301 of the LMRA); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985)

(Section 301 must be "understood … as a congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts.").

4. The law is well-settled that claims asserting a breach or requiring interpretation of a collective bargaining agreement are "completely preempted," and thus fall within the scope of federal question jurisdiction. *See, e.g., Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016) (quoting *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393 (1987)) ("'Once preempted, any claim purportedly based on [a] … state law is considered, from its inception, a federal claim, and therefore arises under federal law.'"). And because these cases arise under federal law, they are removable pursuant to 28 U.S.C. sections 1441 and 1446. *See Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists*, 390 U.S. 557, 558-62 (1968) ("It is clear that the claim under this collective bargaining agreement is one arising under the 'laws of the United States' within the meaning of the removal statute." (quoting 28 U.S.C. § 1441(b))).

5. Each of the claims asserted by Plaintiff in the First Amended Complaint, while framed as violations of the California Labor Code, depends on proving, either directly or indirectly, a breach of the collective bargaining agreements applicable to Plaintiff's employment, or at the very least, require the interpretation of those collective bargaining agreements. *See, e.g.*, *Zayerz v. Kiewit Infrastructure West Co.*, 2018 U.S. Dist. LEXIS 14918, *12-14 (C.D. Cal. Jan. 29, 2018) (finding that UCL, waiting time penalty, and itemized wage statement claims could not survive as derivative of meal and rest period claims precluded by the CBA, and that PAGA claims "cannot stand" without any underlying Labor Code and Wage Order violations to support them); *see also Price v. Starbucks Corp.*, 192 Cal.App.4th 1136, 1147 (2011) (holding "[b]ecause the underlying causes of action fail, the derivative UCL and PAGA claims also fail."); *Torres v. Wells Fargo Bank, N.A.*, 2016 U.S. Dist. LEXIS 163159, at *19 (C.D. Cal. Oct. 12, 2016) (granting defendant's summary judgment on causes of action "to the extent they are based on the allegedly improper wage deductions and thus derivative of the first cause of action" which was also summarily adjudicated in favor of defendant).

6. The resolution of the claims asserted in the First Amended Complaint necessarily would involve an assessment of the terms of the collective bargaining agreements, as well as other factors, such as the job duties unique to each security officer position available under the collective

bargaining agreements, thus requiring a Section 301-prohibited interpretation of the agreements. *See Kobold,* 832 F.3d 1024; *see also Navarro v. Servisair, LLC*, 2008 U.S. Dist. LEXIS 62513, at *13 (N.D. Cal. Aug. 14, 2008) (causes of action under Labor Code sections 222-223 require actual interpretation of CBA, rather than mere consultation); *Melendez v. San Francisco Baseball Assoc., LLC*, 16 Cal.App.5th 339, 344 (2017) (Labor Code § 201 claim preempted by LRMA because court would be required to determine duration of employment relationship to establish liability, including analysis of employee classifications, hours worked, seniority status, and other factors implicit in the agreement).

7. Accordingly, Section 301 of the LMRA preempts Plaintiff's claims. And because that preemption is "total", the case is within the original jurisdiction of this Court and therefore removable. *E.g., See Avco*, 390 U.S. at 558-62.

8. The United States District Court for the Northern District of California, Oakland Division, embraces the place where this lawsuit was pending. Therefore, venue for this removal is proper in this Court pursuant to 28 U.S.C. section 1446(a).

### III.   Timeliness of Removal

9. Removal of this matter has been timely effectuated. The original complaint filed in state court was not removable because it included causes of action preempted under the National Labor Relations Act ("NLRA") that may not be heard in federal court. *See Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1400 (9th Cir. 1988) (reversing removal based on NLRA preemption: "we think it is now clear that state law actions claimed to be preempted by sections 7 and 8 of the NLRA are not removable to federal court."); *see also, e.g.*, *Lontz v. Tharp*, 413 F.3d 435, 440-44 (4th Cir. 2005) (explaining distinction between complete preemption under LMRA which allows removal, and preemption as a defense under the NLRA which does not allow removal and concluding that claims subject to a preemption defense under the NLRA are not removable and that district court should have remanded).

10. The case first became removable when Plaintiff filed the First Amended Complaint on September 26, 2018 and for the first time asserted only claims that were preempted by the LMRA and therefore are removable. *See* Ex. A.

11. 28 U.S.C. section 1446(b)(3) states that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

12. Defendant received the First Amended Complaint via Federal Express overnight service on September 27, 2018. *See* Ex. A. Prior to this date, Defendant could not, and was not required to, ascertain that the case was removable. *See, e.g., Roth v. CHA Hollywood Med. Ctr. L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) ("a defendant does not have a duty of inquiry if the initial pleading or other document is indeterminate with respect to removability … even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document.").

13. Thirty days from receipt of the First Amended Complaint on September 27, 2018 fell on a Saturday. This moved the deadline for Defendant to remove to Monday, October 29, 2018. *See* Fed. R. Civ. P. 6(a)(1)(C) ("When the period is stated in days or a longer unit of time: include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

14. This Notice of Removal is filed on October 29, 2018. Accordingly, this removal is timely under 28 U.S.C. section 1446(b)(3).

### IV.   Service

15. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of such filing is being served upon Plaintiff's attorneys of record. In addition, a copy of the Notice of Removal will be filed with

the Superior Court of California for the County of Alameda.  As such, Defendant has met the notice requirements of 28 U.S.C. section 1446(d).

## V. Payment of Filing Fee

16. Along with this Notice of Removal, Defendant has concurrently tendered the proper filing fee.

## VI. Attachment of Required Documents

17. Pursuant to 28 U.S.C. section 1441(a), a copy of all documents filed to date in the State Court Action is attached hereto as **Exhibit A**.

**WHEREFORE**, Defendant AEG Management Oakland, LLC respectfully removes this action from the Superior Court of California for the County of Alameda, to the United States District Court for the Northern District of California.

Dated: October 29, 2018                     Respectfully submitted,

**BAKER & McKENZIE LLP**


By: */s/ Robin Samuel*
    Robin Samuel
    Attorneys for Defendants
    AEG MANAGEMENT OAKLAND, LLC